ROBERT M. COLEMAN, Appellant, v. OWEN JOHNSON and FANNIE JOHNSON.—No. 38878.—182 S. W. (2d) 154.

Division One, July 3, 1944.

Rehearing Denied, September 5, 1944.

*W. Raleigh Gough* for appellant.

*Dean H. Leopard* for respondents.

GANTT, J.—Action on a note. Petition conventional. The answer admits the execution of the note. It also admits the assignment of the note to plaintiff. It then alleges that the note was cancelled by a federal district court in an action under Sec. 75 of the Bankruptcy Act (11 U. S. C. A., sec. 203), known as the Frazier-Lemke Act. The reply is a general denial. Trial before the court without a jury. Judgment for defendants. Plaintiff appealed. The amount due on the note gives this court appellate jurisdiction. In substance the facts follow:

The farmer defendants filed in the federal district court of Missouri a petition under the Frazier-Lemke Act, Sec. 75 (11 U. S. C. A., sec. 203). It alleged insolvency and prayed for composition or extension of time to pay their debts. It also alleged that Schedule "A" attached to the petition contained a true statement of their indebtedness. It listed an insurance company as the sole secured creditor. The company owned two notes secured by mortgages on two farms

belonging to the petitioners. It also listed a bank as the sole unsecured creditor. The bank owned the note in suit and another note executed by the petitioners.

It also alleged that Schedule ''B'' attached to the petition contained an accurate inventory of their property both real and personal. It also listed said farms as petitioners' only property not subject to exemption.

The federal court approved the petition as ''properly filed'' and referred the same to a Conciliation Commissioner. The commissioner, in the manner required by law, called a meeting of the creditors and debtors to be held on a stated date and at a stated place. The bank filed no claim with the commissioner and attended no creditor and debtor meeting called by the commissioner. The insurance company attended all the meetings called by the commissioner. At the first meeting the company filed with the commissioner its notes. The notes were allowed by the commissioner as an indebtedness of the petitioners. The petitioners and debtors then filed with the commissioner a proposal with reference to said indebtedness. The proposal was declined by the insurance company. Later the petitioners and debtors filed with the commissioner a second proposal which was not considered by the ·insurance company. Later the petitioners· and debtors filed with the commissioner a third proposal, which follows:

## ''DEBTORS THIRD AMENDED PROPOSAL FOR EXTENSION OF TIME WITHIN WHICH TO PAY CREDITORS.

''The undersigned debtors, Owen Johnson and Fannie Johnson, his wife, desiring to effect an extension of time within which to pay their debts and obligations, offer the following extension proposal, to-wit:

''Whereas, the Mutual Benefit Life Insurance Company of Newark, New Jersey, is the owner and holder of certain notes, executed by said debtors, and secured by deeds of trust, more fully described in debtor's petition, the said Owen Johnson and Fannie Johnson, his wife, hereby agree to execute deed conveying title to same to the Mutual Benefit Life Insurance Company, to the following described real estate, to-wit: (Description of a 119 acre farm), upon condition that said Insurance Company cancels, releases and discharge debtors of all further liability pertaining to said real estate and delivers to said debtors all notes and other obligations relating to same fully discharged of any further liability regarding said 119 acre farm.

''Said debtors agree to convey title as mentioned above in consideration of the further agreement that said insurance company will extend the time of payment of the note for $7,000, due by said debtors to said insurance company and secured by deed of trust upon 238 acres of land hereinafter described, so that the same shall become due · and payable as follows: $100 on November 1, 1937, $100 on November

1, 1938, and the balance of $6,800 on November 1, 1939, said principal sum to bear interest from November 1, 1935, at the rate of five per cent per annum, payable and due annually, with the privilege of paying any or all of said principal sum at any interest payment date, said note to remain secured by deed of trust on the following real estate: (Description of a 238 acre farm).

"In addition to the proposal submitted to above, said debtors further agree in consideration of the terms and conditions already set out, to reimburse said insurance company the amount of taxes paid by said insurance company for 1935 taxes on said 238 acre farm, in the approximate sum of $61, on or before July 1, 1936.

"Said debtors further agree in addition to agreement above mentioned, to pay to said insurance company, the further sum of Fifty Dollars, in full settlement and discharge of any and all interest due on and prior to November 1, 1935, on said $7,000 note; upon the further condition that said insurance company (if this proposal is accepted) will permit Edward Johnson, tenant, to remain on said 119 acre farm during the coming 1936-1937 crop year upon the same terms and conditions he now holds same, said payment of $50 to be made on or before July 1, 1936.

"Said debtors hereby agree to convey title to the insurance company to said 119 acre farm and to execute such instrument or instruments as are necessary and proper to extend the time of payment of the $7,000 note above described, as above set forth; on condition, however, that said company discharges said debtors from all liability on note and obligations pertaining to said 119 acre farm, cancels all interest accrued on said $7,000 note up to November 1, 1935, including the interest payment due on said date, and allows said Edward Johnson to remain on the 119 acre farm during the present crop year upon the terms and conditions as he now holds same.

"Said debtors agree to pay no further sum of money to the Farmers & Merchants Bank of Gilman City, Missouri."

The insurance company accepted the third proposal. Thereupon the debtors petitioned the federal court for confirmation of the proposal. On the recommendation of the commissioner, the court sustained the petition for confirmation and entered judgment as follows:

"Now comes Hon. Dean H. Leopard, Conciliation Commissioner, within and for the County of Daviess, and presents his report to the Court in the above entitled matter, wherein he informs the Court he has concluded his services and that a composition or extension of debts has been effected herein. The Conciliation Commissioner recommends to the Court that the composition or extension of debts herein be approved by the Court and that the case be closed.

"It is Therefore Ordered by the Court that the composition or extension of debts herein is hereby approved by the Court; and that the Conciliation Commissioner be and he hereby is relieved and discharged

from further duties herein and that the case be and it is hereby closed.''

Thereafter the bank assigned the note in suit to the plaintiff.

The rule on the confirmation of a proposal of composition or extension of time follows: ''Upon its confirmation, a composition or extension proposal shall be binding upon the farmer and his secured and unsecured creditors affected thereby. . . . '' [Sub-sec. K., sec. 203, Frazier-Lemke Act, 11 U. S. C. A.]

The proposal of the debtors, which was accepted by the insurance company and confirmed by the federal court, is not a composition in bankruptcy. It is only the cancellation of the indebtedness secured by the mortgage on the one hundred nineteen acre farm and an extension of time for the payment of the note secured by a mortgage on the two hundred thirty-eight acre farm. In other words, the confirmation of the proposal did not affect the bank as a creditor.

However, the defendant debtors contend that the failure of the bank to file its claim with the commissioner and attend the meetings called by him cancelled the bank's note. We do not think so. Furthermore, the debtors and the insurance company did not think so at the time of the proposal and acceptance by the company. We so state, for in the proposal is a provision as follows: ''Said debtors agree to pay no further sum of money to the Farmers & Merchants Bank of Gilman, Mo.'' This provision is an effort to have the bank affected by the confirmation. The Frazier-Lemke Act does not authorize a creditor and debtor, by agreement between themselves, to cancel the claim of another creditor. In this situation the above stated agreement between the debtors and the insurance company must be construed to be an agreement that the debtors will not voluntarily pay the bank money on its note executed by the debtors. There is nothing in the record tending to show a cancellation of the note owned by the bank.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff for the amount due on the note. All concur.